UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Ronald Lee Kilgore, and
Darryl Wesley Palmquist,

                Plaintiffs,

  vs.                              REPORT AND RECOMMENDATION

Alison Spano, Senior Social
Worker, Hennepin County
Adult Protection; and Sergeant
Donald Jach, City of Minneapolis,

                Defendants.         Civ. No. 10-2405 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Applications to Proceed in forma pauperis ("IFP"). The Plaintiffs appear pro se and, in view of the fact that their Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiffs commenced this action by filing a Complaint seeking relief for various alleged violations of their constitutional and civil rights. See, Complaint, Docket No. 1. At the time of filing, the Plaintiffs did not pay the filing fee, but rather,

they filed the IFP Applications that are now before the Court.  See, Docket Nos. 2 and 3.

By Order dated July 6, 2010, we directed the Plaintiffs to submit Amended IFP Applications, because we could not determine whether the Plaintiffs were entitled to pauper status, based upon the information in their initial IFP Applications.  In pertinent part, we advised the Plaintiffs, as follows:

> [G]iven the information in their IFP Applications, we cannot determine if the Plaintiffs are entitled to pauper status at this time, because their IFP Applications have not fully disclosed how they are able to meet their basic household expenses and basic needs.  To correct this deficiency, the Plaintiffs must submit new IFP Applications **by no later than August 6, 2010**.  Once the Plaintiffs have submitted new Applications, which fully disclose their financial circumstances, the support they receive, if any there be, and how they manage to meet their most basic living needs, we will reconsider whether they are entitled to pauper status.

Docket No. 4 at pp. 3-4 of 4 [emphasis in original]

Our Order expressly advised the Plaintiffs that their Complaint would be subject to dismissal, for failure to comply with this Court's Orders, and for failure to prosecute, unless they complied with the stated requirements within the time allowed.  Id. at p. 4 of 4.

The deadline has since expired, and the Plaintiffs have failed to comply with the directives of our prior Order, and as a consequence, we cannot determine whether the Plaintiffs are entitled to pauper status, as we detailed in our previous Order. Therefore, based upon the Plaintiffs' failure to comply with our Order dated July 6, 2010, and their failure to prosecute this action, we recommend that their Complaint be dismissed, without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure. See also, <u>Link v. Wabash R.R. Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed.Appx. 496, 497 (8th Cir. 2008)("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.")

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' Complaint [Docket No. 1] be dismissed, without prejudice, for failure to comply with this Court's Order of July 6, 2010, and for failure to prosecute.

2. That the Plaintiffs' Applications to proceed in forma pauperis [Docket Nos. 2 and 3] be denied, as moot.

BY THE COURT:

Dated: August 19, 2010          *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 2, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 2, 2010,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.